1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

CODY K.,

7
                        Plaintiff,

8       v.

9   COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
10

Case No. C22-5288 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11          Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

12   defendant's denial of plaintiff's application for Title II Disability Insurance Benefits

13   ("DIB"). Pursuant to 28 U.S.C. § 636(c), the Federal Rules of Civil Procedure 73, and

14   Local Rule MJR 13, the parties have consented to have this matter heard by the

15   undersigned Magistrate Judge. Dkt. 3.

16          In January 2020, plaintiff filed an application for DIB alleging a disability onset

17   date of June 13, 2016. Dkt. 6, Administrative Record ("AR") 205-209. The application

18   was denied on initial administrative review and on reconsideration. AR 122-124, 129-

19   132. A hearing was held before Administrative Law Judge Rebecca L. Jones ("ALJ") on

20   August 12, 2021. AR 32-87. In a decision dated November 30, 2021, the ALJ

21   determined plaintiff to be not disabled. AR 15-27. Plaintiff's request for review of the

22   ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

23   decision of the Commissioner of Social Security ("Commissioner"). AR 1-5.

24
25

1

2                                    DISCUSSION

3          The ALJ found that plaintiff had the severe medically determinable impairments

4   of: "alcohol abuse disorder, post-traumatic stress disorder, major depressive disorder,

5   bilateral plantar fasciitis, cannabis use disorder." AR 18. Based on the limitations

6   stemming from these impairments, the ALJ found that plaintiff could perform a limited

7   range of light work. AR. 20. Relying on vocational expert ("VE") testimony, the ALJ

8   found that plaintiff could not perform past relevant work, but could perform jobs existing

9   in significant numbers in the national economy. AR 25-26. The ALJ determined that

10  plaintiff was not disabled. AR 26.

11         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

12  denial of Social Security benefits if the ALJ's findings are based on legal error or not

13  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

14  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

15  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

16  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

17

18         A.  Plaintiff's Testimony

19         Plaintiff contends the ALJ erred by failing to provide sufficient reason to discount

20  plaintiff's testimony regarding his mental health symptoms. Dkt. 7 at 3-11.

21         The ALJ's determinations regarding a claimant's statements about limitations

22  "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722

23  (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In

24

25

assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Id*. (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ discounted plaintiff's testimony regarding mental health symptoms because the treatment for plaintiff's mental health symptoms appeared to be routine and conservative, focusing mostly on plaintiff's struggles with chemical dependency. AR 22.

An ALJ may rely on the fact that only routine and conservative treatment was prescribed in discounting a claimant's symptom testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Similarly, lack of treatment can serve as a clear, convincing, and specific reason for rejecting plaintiff's subjective testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* Social Security Ruling ("SSR") 16-3p ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."); *See also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony."). Before finding an

individual's symptoms inconsistent with the record on this basis, the ALJ must consider

the possible reasons the plaintiff is not seeking treatment consistent with the degree of

their complaint. SSR 16-3p.

Plaintiff's treatment notes indicate that in addition to chemical dependency

issues, plaintiff suffered from anxiety, chronic post-traumatic stress disorder, major

depressive disorder, and mixed bipolar affective disorder. AR 404-406, 458, 459.

Plaintiff was encouraged to abstain from alcohol and cannabis use and was encouraged

to attend therapy for chemical dependency and PTSD. AR 413, 459, 462-63, 487, 493,

638. Plaintiff was also prescribed Gabapentin to decrease alcohol use, Lamictal for

depression, and Zoloft for anxiety and depression. AR 413, 459, 460, 487. Plaintiff

reported that that he no longer felt he needed to take Remeron and Hydroxzine for

anxiety and depression. AR 459, 460. In August 2021, plaintiff reported discontinuing

Lamictal and Zoloft because it felt he was okay without them. AR 637.

The record indicates that plaintiff was prescribed anti-anxiety and anti-depression

medication that plaintiff took intermittently as needed. The record indicates that the main

treatment that was prescribed to plaintiff for his mental health symptoms was strongly

recommending plaintiff abstain from alcohol, medication to reduce urges for alcohol and

encouraging plaintiff to attend therapy to address alcohol dependency. Plaintiff argues

that treating alcohol dependency concurrently with mental health treatment is the

treatment frequently prescribed by the VA.

The ALJ's conclusion that plaintiff's main prescribed course of treatment was a

reduction in alcohol use and chemical dependency counseling, is supported by the

record. Accordingly, the ALJ's determination that plaintiff was prescribed routine and

conservative treatment is supported by the record and is a sufficiently specific, clear and convincing reason to discount plaintiff's testimony regarding mental health symptoms.

Based on the foregoing, the ALJ did not commit harmful error in evaluating plaintiff's mental health symptom testimony. The ALJ provided other reasons to discount plaintiff's mental health symptom testimony, but the Court need not evaluate these reasons – any error would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

B. <u>Medical Opinions</u>

Plaintiff filed this claim on January 9, 2020, so the ALJ applied the 2017 regulations. AR 205. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

1

2
an ALJ cannot reject an examining or treating doctor's opinion as
unsupported or inconsistent without providing an explanation supported by
3
substantial evidence. The agency must "articulate ... how persuasive" it
finds "all of the medical opinions" from each doctor or other source, 20
C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability
and consistency factors" in reaching these findings, *id*. § 404.1520c(b)(2).
4
*Id.*

5
    1.  Shannon D. Ledesma, PhD.

6
    On November 6, 2020, Dr. Ledesma completed a clinical interview, administered

7
the mental status examination, and provided a psychological evaluation report. AR 433-

8
438. During Dr. Ledesma's evaluation, plaintiff denied a history of alcohol or substance

9
abuse. AR 435. Dr. Ledesma opined that plaintiff did not have the ability to perform

10
simple, repetitive tasks; could not perform repetitive or other tasks that would involve

11
being able to keep a schedule and manage tasks outside of his activities of daily living.

12
AR 437-38. Further, Dr. Ledesma stated that plaintiff would have difficulty interacting

13
with co-workers and the public; and would have difficulty accepting instructions from

14
supervisors. AR 438.

15
    The ALJ concluded that Dr. Ledesma's opinion was unpersuasive because "it is

16
inconsistent with and unsupported by the overall record and the claimant's

17
demonstrated functioning." AR 24. Further, the ALJ determined that the fact plaintiff was

18
not forthcoming regarding the extent of his alcohol use undermined Dr. Ledesma's

19
ability to accurately assess plaintiff's impairments and functional abilities. AR 25.

20
    In evaluating medical opinions, the ALJ must both determine how persuasive the

21
medical opinion is and explain how the ALJ considered the supportability and

22
consistency factors in reaching these findings. *Woods*, 32 F.4th at 792. "Even under the

23
new regulations, an ALJ cannot reject an examining or treating doctor's opinion as

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

unsupported or inconsistent without providing explanation supported by substantial evidence." *Id.* When an ALJ rejects a medical opinion, it is insufficient to simply assert that another medical opinion is more persuasive. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). While the ALJ's analysis need not be extensive, the ALJ must provide some reasoning allowing the Court to meaningfully evaluate whether the conclusion is supported by substantial evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494-95 (9th Cir. 2015); *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The ALJ's evaluation of Dr. Ledesma's opinion fails to provide a sufficient explanation to reject Dr. Ledesma's opinion. The ALJ's assertion that Dr. Ledesma's opinion is inconsistent with the overall record and plaintiff's demonstrated functioning is insufficient because the ALJ does not identify which medical evidence undermines Dr. Ledesma's opinion and does not identify how plaintiff's functioning undermines the opinion. The Court cannot accept a general finding and comb the administrative record to find the conflict. *Brown-Hunter*, 806 F.3d at 494. Without the ALJ explaining which specific evidence contradicts Dr. Ledesma's opinion, the Court cannot determine whether the ALJ's conclusion is supported by substantial evidence.

Next, the ALJ's observation that plaintiff denied alcohol abuse, despite evidence in the record indicating a history of substance abuse, is insufficient to discredit Dr. Ledesma's opinion. Dr. Ledesma's report states that Dr. Ledesma reviewed plaintiff's medical records. AR 433. The medical records reflect a history of alcohol use and recommended treatment for alcohol dependency. AR 22, 331, 404, 408, 424, 428, 475,

478, 487, 505, 530, 554. Additionally, Dr. Ledesma reported that plaintiff acknowledged a history of using alcohol to manage his anxiety. AR 437. Dr. Ledesma made a rule-out diagnosis of alcohol use disorder. AR 438. The record indicates that Dr. Ledesma was aware of plaintiff's history of alcohol use disorder. The ALJ has failed to explain how plaintiff's denial of a history of alcohol abuse undermines Dr. Ledesma's opinion when Dr. Ledesma was aware of and considered plaintiff's history of alcohol use disorder.

Based on the foregoing, the ALJ erred in evaluating Dr. Ledesma's medical opinion.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The ALJ's error in this case is not harmless because the ALJ provided an RFC that was less restrictive than the limitations opined by Dr. Ledesma. Further, a proper evaluation of Dr. Ledesma's opinion could potentially change the hypotheticals posed to the vocational expert and could change the RFC determination.

2. Jon Anderson PhD.

Plaintiff argues that the ALJ erred in evaluating Dr. Anderson's opinion because the ALJ's conclusion was not supported by substantial evidence and alternatively, because the ALJ failed to properly incorporate Dr. Anderson's opined limitations into plaintiff's RFC. For the reasons set forth below, the ALJ did not err in evaluating Dr. Anderson's opined limitations.

On reconsideration Dr. Anderson reviewed plaintiff's medical records to assess plaintiff's mental functioning. AR 110-15. Dr. Anderson opined that plaintiff would be able to carry out simple instructions; maintain concentration, persistence, and pace for

up to two hours continuously; maintain adequate attendance; and complete a normal workday/workweek within normal tolerance of a competitive workplace. AR 113. Dr. Anderson further opined that plaintiff could interact with the public on an occasional or superficial basis; but interactions with supervisors and co-workers could occur on a more frequent basis. AR 114. Finally, Dr. Anderson stated that plaintiff would have occasional difficulty adapting to change, but would be able to adapt to normal, routine change in a competitive workplace within normal tolerance. AR 114.

The ALJ found that Dr. Anderson's opinion was persuasive because it is consistent with and supported by the overall record and plaintiff's demonstrated functioning. AR 24. The ALJ explained that while plaintiff's symptoms interfered with plaintiff's mental functioning the interference was not so severe to preclude gainful employment. AR 24. To support this conclusion, the ALJ cited to records showing that at times plaintiff presented with unremarkable mental-status examinations (AR 411, 422-23, 473, 486, 504, 505, 541, 632) while other times plaintiff presented with an anxious or depressed mood (AR 327, 428, 459, 478, 494, 509, 530, 554, 637)

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the record. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where evidence exists to support more than one reasonable interpretation of the evidence – the claimant's and the ALJ's – the Court must defer to the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Here, the ALJ reasonably determined that Dr. Anderson's opined limitations were supported by plaintiff's medical records. The Court must defer to the ALJ's interpretation of the conflicting evidence.

1    Next, plaintiff contends that the ALJ failed to properly incorporate Dr. Anderson's

2  opinion into plaintiff's RFC. Dkt. 7 at 14-15

3    The ALJ is "responsible for translating and incorporating clinical findings into a

4  sufficient RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir.

5  2015). To the extent that an ALJ accepts a physician's opinion, he or she must

6  incorporate the limitations contained in that opinion into the RFC. *See Magallanes v.*

7  *Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). The ALJ's findings need only be consistent

8  with, not identical to, the limitations assessed by the relevant medical opinion. *Turner v.*

9  *Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

10    Dr. Anderson opined that plaintiff, "retains the capacity to interact with the public

11  on an occasional/superficial basis. Interactions with supervisors and co-workers may

12  occur in a more frequent basis." AR 113-14. The ALJ included in plaintiff's RFC the

13  following limitations: "He can have no contact with the public and occasional contact

14  with co-workers." AR 20. Plaintiff argues that the ALJ erred by not including a similar

15  limitation with respect to supervisors. Dkt. 7 at 14-15.

16    The ALJ included in the RFC more restrictive limitations than those opined by

17  Dr. Anderson. Dr. Anderson did not provide a specific opinion on how frequently plaintiff

18  would be able to interact with supervisors, instead opining that plaintiff could interact

19  with supervisors more frequently than occasionally. AR 113. Additionally, Dr. Anderson

20  opined that plaintiff's ability to accept instructions and respond appropriately to criticism

21  from supervisors was not significantly limited. AR 133. Accordingly, considering Dr.

22  Anderson's opined limitations, plaintiff's RFC is sufficiently consistent with Dr.

23

24

25

1  Anderson's opinion. The ALJ did not err in incorporating Dr. Anderson's opined

2  limitations.

3      Based on the foregoing, the ALJ did not err in evaluating Dr. Anderson's opinion.

4      C.  Lay Witness Testimony

5      The ALJ also considered lay witness testimony from plaintiff's brother. AR 23,

6  248-55. Plaintiff's brother stated that plaintiff has been unable to work because his

7  mental health symptoms have made plaintiff reclusive and withdrawn. AR 248. Plaintiff's

8  brother explained that he would visit plaintiff a few times per week to help motivate

9  plaintiff and that plaintiff took three times longer than normal to complete tasks or

10  chores. AR 249-51. Plaintiff's brother also stated that plaintiff struggles in social

11  settings, tends to fight with family or friends, and does not handle changes in routine

12  well. AR 253-54. The ALJ rejected this lay witness testimony, concluding that the

13  statements were "based on casual observations, and they echo the claimant's

14  statements, which are not supported by the record." AR 23.

15      The 2017 regulations adjust the requirements for an ALJ's consideration of

16  nonmedical evidence. The new regulations state that an ALJ is "not required to

17  articulate how [they] considered evidence from nonmedical sources" using the same

18  criteria that an ALJ uses for evaluating evidence from medical sources. 20 C.F.R. §§

19  404.1520c(d), 416.920c(d). The new regulations do not specify the factors that an ALJ

20  must consider when evaluating nonmedical opinions, or how the ALJ evaluates such

21  opinions. 20 C.F.R. § 404.1520c(d). Yet, the Ninth Circuit has suggested that its pre-

22  2017 standard requiring "germane" reasons to reject lay witness testimony applies to an

23  ALJ's evaluation of lay witness testimony post-2017. *Muntz v. Kijakazi*, No. 22-35174,

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1  2022 WL 17484332, at * 2 (9th Cir. Dec. 7, 2022) (applying "germane reasons" standard

2  to ALJ's evaluation of third-party function report from claimant's husband); *Weitman v.*

3  *Kijakazi*, No. 21-35748, 2022 WL 17175060, at * 4 n. 4 (9th Cir. Nov. 23, 2022).

4        Plaintiff's brother's testimony regarding plaintiff's capacity to work was largely

5  duplicative of plaintiff's own testimony, which the ALJ properly discounted as

6  unsupported by the record of plaintiff's prescribed treatment. This reason is similarly a

7  germane reason for rejecting plaintiff's brother's testimony. *See, Valentine v. Comm'r*

8  *Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (deeming ALJ's reasons for

9  rejecting claimant's husband's testimony "germane" where ALJ provided the same

10  reason for rejecting the claimant's own symptom testimony).

11        The ALJ did not err in discounting the testimony of plaintiff's brother.

12        D.  Remand with Instructions for Further Proceedings

13        "'The decision whether to remand a case for additional evidence, or simply to

14  award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

15  682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

16  an ALJ makes an error and the record is uncertain and ambiguous, the court should

17  remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

18  (9th Cir. 2017). If the court concludes that additional proceedings can remedy the ALJ's

19  errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

20        The Ninth Circuit has developed a three-step analysis for determining when to

21  remand for a direct award of benefits. Such remand is generally proper only when:

22        (1) the record has been fully developed and further administrative
proceedings would serve no useful purpose; (2) the ALJ has failed to
23        provide legally sufficient reasons for rejecting evidence, whether claimant
testimony or medical opinion; and (3) if the improperly discredited

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

As discussed above, the ALJ harmfully erred in evaluating Dr. Ledesma's opinion. A re-evaluation of Dr. Ledesma's opinion could potentially change the ALJ's RFC determination. Accordingly, remand for further proceedings is warranted. On remand the ALJ is directed to re-evaluate Dr. Ledesma's opinion.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred in determining plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 19th day of January, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13